**PARADIGM SALES, INC., Plaintiff,**

v.

**WEBER MARKING SYSTEMS, INC., Defendants.**

No. 3:93–CV–202RM.

United States District Court,
N.D. Indiana,
South Bend Division.

March 16, 1995.

Paul B. Hunt, David R. Melton, Barnes and Thornburg, South Bend, IN, for plaintiff.

James H. Pankow, Jones Obenchain Ford Pankow and Lewis, South Bend, IN, Robert E. Wagner, Daniel N. Christus, James J. Jagoda, Wallenstein Wagner and Hattis, Ltd., Chicago, IL, for defendant.

James A. Masters, Nemeth Masters and Leone, South Bend, IN, for Wayne Tool and Die, Inc.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Several pretrial motions pend in this patent infringement case set for final pretrial conference this date and for trial on March 20. All but one of the motions are fully briefed. In the interest of expediting the final pretrial conference, the court sets forth its rulings in this memorandum.

The most significant of the motions deal with failures to meet deadlines that have been established by the court or to make timely disclosures required, first, by a mandatory disclosure order entered by the court, and later, by amended Rule 26 of the Federal Rules of Civil Procedure. These are not the first such issues. Both parties have been denied leave to file untimely summary judgment motions, and on February 27, the court granted the motion of defendant Weber Marking Systems, Inc. to exclude the testimony of fifteen of sixteen non-expert witnesses identified by the plaintiff, Paradigm Sales, Inc.

Paradigm contends that a staple gun manufactured by Weber infringes Paradigm's patent no. 5,014,896 (the '896 patent). The court earlier granted summary judgment to Weber on Paradigm's claim of literal infringement; the case is scheduled for trial before a jury on Paradigm's remaining claim for infringement based on the doctrine of equivalents.

### I.

Paradigm seeks the exclusion of a considerable quantity of evidence based on Weber's failure to comply with the court's mandatory disclosure order. On May 27, 1993, the court, pursuant to the court's civil justice expense and delay reduction plan, entered an order for mandatory early disclosures. The court's order was similar to, though not precisely the same as, the amendments to Fed. R.Civ.P. 26(a) that took effect on December 1, 1993.

In pertinent part, the May 27 order required both parties to disclose, before engaging in discovery:

(a) the name and, if known, the address and telephone number of each individual likely to have information that bears significantly on the claims and defenses, identifying the subject(s) of the information possessed by that individual;

(b) a copy of, or a description by category and location, of all documents, data compilations, and tangible things in the party's possession, custody, or control that are likely to bear significantly on any claim or defense....

May 27 Order, Part A–1. Weber's disclosure was to be made within thirty days after its answer was filed. May 27 Order, Part A–2. The order imposed on both parties the obligation "seasonably to supplement" its disclosures upon learning that the information disclosed was not complete and correct. May 27 Order, Part D–1.

Weber filed its answer on April 14, 1993, but did not submit its disclosures until July 9, 1993. Paradigm complains not of the timeliness of that initial disclosure, but rather of its completeness.

Weber's July 1993 disclosure identified two witnesses and 75 documents. Paradigm responded a week later with a motion to exclude undisclosed evidence and to compel the disclosure of undisclosed evidence. In response to that motion, Weber took the position that it could not be required to produce documents that might impact upon claims or defenses that Weber had not yet formulated. Weber cited its duty to supplement and indicated that it would update its responses as soon as it had fully formulated its defenses. On July 23, Weber produced additional documents relating to damages.

The court denied Paradigm's motion as premature on August 26, 1993. While rejecting Weber's argument that the May 27 order only required it to disclose material pertinent to its own defenses, the court agreed with Weber that disclosures could not be required with respect to defenses not yet in the case, but warned:

> Noninfringement is the only defense Weber has pleaded. The court cannot determine from this record whether Weber has made full disclosure of "information that bears significantly" on that defense or on Paradigm's claims. If full disclosure has been made and no additional defenses are raised, Weber has complied with the disclosure order. If full disclosure has not been made, Weber will find it difficult to introduce undisclosed evidence (including evidence on Paradigm's claim for damages) at trial or on summary judgment.... If full disclosure has been made on the non-infringement issues and Paradigm suspects Weber is holding back other defenses for tactical purposes, Paradigm may object on that ground to any motion to amend the pleadings.

Paradigm's motion, renewed here, is no longer premature. Paradigm seeks the exclusion of all witnesses and documents not disclosed by July 9 (except for an expert witness). Between that date and September 22, 1993, Weber produced 1,755 documents.

Weber opposes the motion, but its opposition contains little suggestion that it promptly disclosed material upon formulation of a defense, or that it was unaware of material when the initial disclosures were made.

■ The first of Weber's two principal arguments, which does not apply to all of the evidence at issue here, is that documents were not produced because they did not bear *significantly* on any claim or defense. Instead, they are cumulative or duplicative of other documents, and were produced only in response to Paradigm's repetitive discovery requests. The court cannot consider this a winning argument. Taking Weber at its word, such material has slight incremental probative value and carries a significant risk of jury confusion and waste of time; as such the evidence should be excluded pursuant to

the court's discretion under Fed.R.Evid. 403, even without regard to any violation of the disclosure order. Further prejudice may be noted in Paradigm's inability to proceed through the litigation process as contemplated by the court's orders, a form of prejudice that enabled Weber to obtain an order excluding several of Paradigm's intended witnesses.

■ Weber's second principal argument is that the parties agreed to stay discovery concerning damages during the pendency of Weber's bifurcation motion. That motion was filed on September 29, 1993, and briefing was stayed on Paradigm's motion (a motion to which Weber belatedly objected, in part on the basis of the agreed stay of damages discovery) until after court ruled on Paradigm's then-recently filed partial summary judgment motion. Briefing on the partial summary judgment lasted until the year's end. The court heard argument on the partial summary judgment motion on February 15 and denied the motion six weeks later, on March 29, 1994. Briefing then resumed on the bifurcation motion; on April 29, 1994, the court granted the motion to bifurcate the trial, but denied the motion insofar as it sought a stay of discovery on damages.

Inferentially, then, the seven-month delay in discovery and disclosures relating to damages is attributable to Paradigm, which obtained the stay of briefing on the bifurcation issue. If Weber's failure to make disclosures relating to damages from October through April was the issue before the court, Weber certainly would prevail. But that is not the issue.

Before filing its bifurcation motion on September 29, Weber had been under disclosure obligations for at least three months (assuming the date for initial disclosure was thirty days after the May 27 disclosure order). The ensuing agreed stay with respect to damages discovery provides no excuse for non-disclosure during the months preceding the agreed stay.

■ The court cannot find Weber's failures to make timely disclosures to have been harmless. The bulk of the disclosures were

not made until the eve of the discovery deadline; the entire purpose of early, mandatory disclosure was circumvented. Paradigm certainly has been prejudiced no less than Weber was prejudiced by Paradigm's failure to disclose its non-expert witnesses in a timely manner, a failure for which Weber already has obtained an order excluding testimony of untimely disclosed witnesses.

Although the court is unpersuaded by Weber's principal arguments, the court also believes that Paradigm's requested relief cuts too deeply.

 First, Weber did eventually amend its answer to raise an improper inventorship defense, an issue not theretofore in the case. In response to Weber's motion to amend, Paradigm did not argue that Weber had sandbagged its defense so as to defer disclosures, but rather simply noted the lack of any basis for such a defense. As the court noted on Paradigm's earlier motion to exclude undisclosed evidence, there can be no duty to disclose evidence that bears only upon an issue not yet in the case.

 Second, Paradigm seeks to exclude part of the opinion testimony to be offered by Weber's damages expert, Aron Levko; Paradigm does not seek Mr. Levko's complete exclusion from trial. Paradigm argues that Mr. Levko based his opinion on an undisclosed document that was in existence (and presumably known to Weber, which created the document) long before Weber's disclosures were due. Expert witnesses may base opinions on inadmissible evidence. Fed. R.Evid. 703. Paradigm had ample opportunity to take Mr. Levko's deposition and inquire into the bases of his opinions. The court will not exclude any opinion offered by Mr. Levko in compliance with Fed.R.Evid. 702–705 and Fed.R.Civ.P. 26(a)(2).

 Third, Paradigm apparently seeks to limit the testimony to be given by the lay witnesses who were disclosed by July 9; Paradigm asks that those witnesses be limited to testimony concerning the documents that were identified by July 9. No basis exists for such an order. The May 27 Order required Weber to disclose witnesses and documents; nothing in the May 27 Order requires witnesses to have documentary corroboration for their testimony. Exclusion of the undisclosed documents may warrant objection to any testimony the witnesses might wish to give concerning the undisclosed documents, but does not justify precluding disclosed witnesses from testifying about facts within their personal knowledge, independent of documents.

 Finally, Paradigm seeks to exclude all documents and witnesses not disclosed by July 9. Such an order would render Part E of the May 27 Order a nullity. Part E required the parties to comply with the local rule then identified as District Rule 13 (and now found in Fed.R.Civ.P. 26(c) and 37(a)(2)(A)), which requires parties to meet and confer in an effort to resolve discovery disputes before placing them before the court. Such a conference between counsel was held before Paradigm's earlier motion for exclusion was filed. In its response to that earlier motion, Weber reported that the conference led Weber to produce several more documents by July 23; that material was sent before Weber was aware of the filing of Paradigm's motion. To exclude information disclosed between July 9 and July 23 would be to reject the beneficial effects of the "meet and confer" requirement.

For the foregoing reasons, the court GRANTS IN PART Paradigm's motion to exclude evidence. Weber may not present any witness or exhibit not disclosed to Paradigm on or before July 23, 1993 unless the evidence relates to Weber's improper inventorship defense.

## II.

Paradigm has filed several motions in limine directed to evidence on particular topics. The court grants such motions only if it is abundantly clear, at this pretrial stage, that the targeted evidence is inadmissible under any theory; the parties are free to tender proposed limiting instructions pertaining to evidence that is admissible for one purpose but not for another. *See* Fed. R.Evid. 105.

## A.

■ Paradigm seeks to exclude any evidence of Weber's Patent No. 5,292,048. Because that patent and its history may be probative of Weber's willfulness, the court DENIES the motion in limine, although it seems unlikely that such evidence will be relevant, and hence admissible, during the liability phase of the trial.

## B.

■ Paradigm seeks to exclude any evidence of the commercial embodiment of the staple gun produced under its patent or described in the specifications of the patent. The court believes that Weber's opposition is well-taken with respect to the specifications in this doctrine of equivalents case, but is unpersuaded that Paradigm's actual product is probative of any issue in the case. Introduction of evidence of the physical commercial embodiment could only confuse, and might mislead the jury. *See* Fed.R.Evid. 403.

Accordingly, the motion in limine concerning physical embodiment is GRANTED with respect to the commercial embodiment of the staple gun manufactured and/or sold by Reit Manufacturing or Paradigm Sales, but is DENIED with respect to the commercial embodiment disclosed and/or described in the patent specification.

## C.

Paradigm seeks exclusion of evidence from Richard Vlosky of certain information that might be deemed confidential. The court already has granted Paradigm's motion to exclude Mr. Vlosky's testimony in its entirety, since Mr. Vlosky was not disclosed pursuant to the May 27 Order before July 23, 1993. Accordingly, this motion is moot, and is DENIED as such.

## D.

Paradigm has moved to exclude the testimony of two expert witnesses Weber intends to tender at trial.

## 1.

■ In its response to the motion in limine, Weber reports that it intends to present Frank Kaman as a witness "to provide a technical factual opinion concerning the structure and operation of Weber's accused labeller and the structure and operation of the labeller disclosed in Paradigm's patent." Paradigm first seeks exclusion of Mr. Kaman's opinion because he is unqualified to give an opinion on infringement. A review of Mr. Kaman's Rule 26(a)(2) report demonstrates that he offers no such opinion. In his report, which circumscribes his trial testimony, Mr. Kaman compares the physical operation of the alleged infringing device to the physical operation of a device manufactured by the patent holder. Mr. Kaman's engineering experience in the mechanical arts, conceded by Paradigm, more than qualifies him to make such a comparison. *See* Fed. R.Evid. 702.

■ The opinion set forth in Mr. Kaman's report, however, is not relevant to the issue of infringement. The issue for the trier of fact is whether the Weber device performs substantially the same function in substantially the same way to achieve substantially the same result as the device disclosed in the patent. The issue is not whether the Weber device performs substantially the same function in substantially the same way as a device manufactured by the patentee or licensee. Mr. Kaman's opinion goes only to the latter question; indeed, his report notes differences between the return device in manufactured "Reit" stapler and the return device disclosed in the patent.

The opinions set forth in Mr. Kaman's Rule 26(a)(2) report are not relevant, and would certainly confuse the issues; hence, those opinions are inadmissible. *See* Fed. R.Evid. 402, 403. Because Fed.R.Civ.P. 26(a)(2) combines with Fed.R.Civ.P. 37(c)(1) to preclude Mr. Kaman from offering opinions not contained in his report, the court GRANTS Paradigm's motion in limine with respect to Mr. Kaman's testimony.

## 2.

Paradigm also moves to exclude Aron Levko's expert opinion on damages to the extent the opinion relates to anything other than general accounting methods, relying again on Weber's failure to disclose underly-

ing documents in accordance with the May 27 Order. Paradigm concedes that Mr. Levko was identified in a timely manner; Mr. Levko related his opinion and the underlying documents at his deposition; Paradigm sought no enlargement of the discovery deadline to pursue further information concerning the documents. Paradigm raises no dispute about Weber's compliance with Rule 26(a)(2) as to Mr. Levko.

For the reasons stated with respect to Paradigm's motion to exclude evidence, the court finds no basis for excluding Mr. Levko's opinion testimony. The court has excluded from evidence any documents not disclosed by July 23, 1993, but an expert can base on opinion on facts not in evidence. Fed.R.Evid. 703. The court DENIES Paradigm's motion in limine with respect to Mr. Levko's testimony.

### E.

Paradigm also has filed a motion in limine with respect to evidence of file wrapper estoppel. For the reasons discussed in Part III–A, the court GRANTS the motion in limine. This order is purely interlocutory, and is not intended as a final ruling on the admissibility of evidence of prosecution history to rebut evidence presented by Paradigm in its case in chief. See *Thomas & Betts Corp. v. Litton Systems, Inc.*, 720 F.2d 1572, 1579–1580 (Fed.Cir.1983). If Weber believes that Paradigm's evidence has opened the door to such rebuttal, Weber may seek relief, outside the jury's presence, from this order in limine.

### III.

Weber also presents several pretrial motions for resolution.

### A.

■ First, in a motion filed on March 7, Weber seeks leave to file an amended answer raising an affirmative defense of prosecution history estoppel. Noting many events in and after August, 1994 that should have placed Paradigm on notice of its intention to raise this defense, Weber cites Fed.R.Civ.P. 15(a) for the unarguable proposition that leave to amend should be freely granted when justice so requires, and argues that Paradigm cannot possibly be prejudiced by the defense's injection into the trial.

Weber's arguments concerning notice to Paradigm prove too much. Without disparaging Weber's citation to Rule 15(a), this case is governed no less by Fed.R.Civ.P. 16(b), which requires the court to establish a deadline for amendments to the pleadings and to enforce that deadline unless good cause is shown for a modification. Rule 16(b) is not intended solely to protect an adverse party from prejudice arising from untimely amendments. It protects the court and other litigants in the queue for the courtroom from delays and unexpectedly lengthy trials resulting from eleventh-hour claims and defenses; it helps ensure that trials will proceed in an orderly, brisk fashion. None of the cases cited by Weber considered Rule 16(b).

The scheduling order entered in this case fixed July 28, 1994 as the deadline for amendments to the pleadings; indeed, Weber sought leave to amend its answer the day before that deadline, but never sought an extension of the deadline until doing so impliedly in the motion now before the court, filed less than two weeks before trial.

Weber has not demonstrated good cause for an enlargement of the Rule 16(b) deadline. The court agrees that Weber cannot be faulted for its failure to act from December, 1994 through February, 1995, as the parties first reached an agreement to settle (though not a settlement), then litigated whether a settlement had been reached. If Paradigm is said to have known of Weber's intention to raise the issue by August 26, however, it is reasonable to assume that Weber knew of its own intention for some days or weeks before August 26. The court does not believe that the pendency of Weber's motion for leave to file an untimely summary judgment motion constitutes good cause for the failure to seek amendment of the pleadings until less than two weeks before trial.

Accordingly, the court DENIES Weber's motion for leave to file an amended answer.

## B.

■ On July 27, 1994, the court granted summary judgment to Weber on Paradigm's claim of literal infringement. Weber seeks an order in limine excluding evidence that Weber believes would contravene that ruling.

While not thoroughly clear, Paradigm's response demonstrates to the court's satisfaction that a sufficient overlap in modes of proof exists between a doctrine of equivalents claim and a literal infringement claim as to make an order in limine inappropriate. Granting Weber's motion would produce several disputes, all of which would require hearings outside the jurors' presence, over whether a given question or answer is probative of the equivalents claim or runs afoul of the summary judgment ruling.

The court will not allow Paradigm to try a literal infringement case in the upcoming trial, but sees no reason why the traditional use of objections and instructions will not provide an adequate safeguard.

Accordingly, the court DENIES Weber's motion in limine against Paradigm's attempt to introduce evidence, at trial, on matters already decided by summary judgment, and for sanctions.

## C.

Weber seeks an order in limine excluding two areas of trial testimony of Paradigm's expert witness, Robert Harmon. The court draws the intended testimony of Mr. Harmon from Paradigm's trial brief.

### 1.

■ Weber first challenges Mr. Harmon's anticipated testimony about a 1991 opinion letter from Weber's counsel [1]:

The July 29, 1991 opinion letter written by Mr. Christus was not a competent and an authoritative one on which Weber could reasonably rely. Mr. Harmon will testify that the opinion considers potential infringement with respect to three concept sketches which provide scant detail regarding the structure of the device to be manufactured. Mr. Harmon will testify that it is noteworthy that the letter specifically requests drawings and detailed information so that the opinion on the concept drawings could be confirmed as to the actual product, but no such confirmatory opinion was ever rendered.

Mr. Harmon will further testify that the opinion contains conclusory and unsupported remarks regarding the concept that matured into the Weber gun. Mr. Harmon will testify that he finds it significant that the engineer developing the gun, Mr. Vanderweil, recognized upon receipt of the opinion letter that Mr. Christus' opinion was based on a factually false description of the concept device.

Mr. Harmon will further testify that the opinion makes no attempt to perform the requisite analysis under the doctrine of equivalents, but merely provides a conclusory and superficial statement without analysis that the device would not infringe under the doctrine of equivalents.

Mr. Harmon will testify that Weber never received an opinion prior to the commencement of infringing activities that was based on an analysis of the actual product to be sold.

The parties devote much of their briefs on the motion in limine to whether the application of the doctrine of equivalents requires equitable grounds. Weber, however, concedes that evidence concerning the opinion letter would be relevant to the issue of willfulness—an issue to be tried during the damages phase of the trial. Paradigm plainly intends the evidence to address the issue of willfulness,[2] but offers no suggestion as to why the opinion letter would be relevant to the liability issue, and court cannot conceive

---

1. As the court understands it, the court's ruling on Paradigm's motion to exclude evidence will prohibit Weber from introducing the opinion letter, because the letter's existence was not disclosed to Paradigm by July 23, 1993. Accordingly, Weber's motion may be moot. It is unclear, however, whether Paradigm intends to make its own use of the opinion letter. Accordingly, the court addresses the parties' arguments.

2. The last paragraph of this section of Paradigm's trial brief states, "Mr. Harmon will testify that this conduct constitutes willful infringement."

of any basis for relevancy in the liability phase.

Accordingly, the court GRANTS Weber's motion with respect to Mr. Harmon's testimony about the opinion letter as to the liability phase of the trial, but DENIES the motion as to the damages phase of the trial.

### 2.

■ Weber also seeks to exclude Mr. Harmon's anticipated conclusions of law. Again, from Paradigm's trial brief:

> Mr. Harmon will testify that because Weber was clearly aware of the existence of the '896 patent at the time it was beginning development of its own staple gun, the law imposes a duty on Weber to affirmatively take steps to avoid infringement.
>
> Mr. Harmon will testify that the law provides that such affirmative action normally includes consulting with a competent attorney and receiving a written opinion that the device to be sold does not infringe a valid enforceable patent. *Central Soya Co. v. George A. Hormel & Co.,* 723 F.2d 1573 (Fed.Cir.1983); *Underwater Devices, Inc. v. Morrison–Knuteson [Knudsen] Co.,* 717 F.2d 1380 (Fed.Cir.1983).

\* \* \* \* \* \*

> Mr. Harmon will testify that [Weber's] conduct constitutes willful infringement.

Weber seeks to exclude this testimony because it constitutes legal conclusions. Paradigm argues that other courts routinely admit expert opinion testimony on infringement, including opinion testimony given by Mr. Harmon.

The court believes the better reasoned cases support Weber's position. Fed.R.Evid. 704(a) provides that "otherwise admissible" opinion testimony is not rendered inadmissible because it embraces an ultimate issue, but legal conclusions are not "otherwise admissible" under Rules 701 or 702 because they are not helpful to the trier of fact. *Hygh v. Jacobs,* 961 F.2d 359, 364 (2d Cir. 1992). The judge, not the witnesses, instructs on the law. *Owen v. Kerr–McGee Corp.,* 698 F.2d 236, 240 (5th Cir.1983); *see also Bammerlin v. Navistar Int'l Transp. Corp.,* 30 F.3d 898, 900 (7th Cir.1994); *United States v. Weitzenhoff,* 1 F.3d 1523, 1531–1532 (9th Cir.1993).

Accordingly, the court GRANTS Weber's motion in limine to preclude Mr. Harmon from stating opinions on the law.

### D.

■ Paradigm intends to ask Mr. Harmon to conduct a hypothetical claim analysis of the sort approved in *Wilson Sporting Goods Co. v. David Geoffrey & Associates,* 904 F.2d 677 (Fed.Cir.1990). Weber's motion in limine seeks to exclude such testimony, contending that until reading Paradigm's trial brief, Weber had no idea that Paradigm intended to introduce such testimony. Paradigm responds that Weber's ignorance is due to Weber's failure to ask Mr. Harmon about the topic during Mr. Harmon's deposition, or perhaps due to Weber's lack of awareness of the *Wilson Sporting Goods* case.

Paradigm's argument misapprehends the effect of the expert disclosure provisions of Fed.R.Civ.P. 26, as amended effective December 1, 1993. Rule 26(a)(2) requires a party, absent a contrary stipulation or court order, to provide a written report prepared and signed by the witness containing "a complete statement of all opinions to be expressed and the basis and reasons therefor". Mr. Harmon prepared such a report in November, 1994; that report, which was attached to Paradigm's expert witness list filed with the court on February 10, 1995 is completely silent as to any hypothetical claim analysis.

If Mr. Harmon was meant to state an opinion on hypothetical claim analysis or any opinion based on hypothetical claim analysis, it should have been included in his Rule 26(a)(2) report. It was not. A party that without substantial justification fails to make a Rule 26(a) disclosure "shall not, unless such failure is harmless, be permitted to use as evidence at a trial ... information not so disclosed." Fed.R.Civ.P. 37(c)(1). The court cannot find the failure to have been harmless, for precisely the reason raised by Paradigm: Weber did not examine Mr. Harmon about such an analysis during his deposition.

Accordingly, the court GRANTS Weber's motion in limine to exclude hypothetical claim analysis.

### E.

Weber also has filed a motion to convert the liability phase of the trial to a bench trial or, alternatively, to continue the trial to await the outcome of *Hilton Davis Chemical Co. v. Warner–Jankinson Co.*, Cause No. 93–1088, presently under submission in the United States Court of Appeals for the Federal Circuit. This motion was not filed until March 8, and Paradigm has not yet filed a response. The court defers ruling to allow Paradigm to be heard.

### IV.

For the foregoing reasons, the court now rules as follows on the pending motions, deferring ruling on Weber's motion to convert to bench trial:

(1) The court GRANTS IN PART Paradigm's motion to exclude evidence (filed February 24, 1995). Weber may not present any witness or exhibit not disclosed to Paradigm on or before July 23, 1993 unless the evidence relates to Weber's improper inventorship defense.

(2) The court DENIES Paradigm's motion in limine (filed March 3, 1995) concerning Weber's patent no. 5,292,048.

(3) The court GRANTS IN PART Paradigm's motion in limine (filed March 6, 1995) concerning commercial embodiment. The motion is granted with respect to the commercial embodiment of the staple gun manufactured and/or sold by Reit Manufacturing or Paradigm Sales, but is denied with respect to the commercial embodiment disclosed and/or described in the patent specification.

(4) The court DENIES AS MOOT Paradigm's motion in limine (filed March 6, 1995) to exclude evidence maintained as confidential during the deposition of Richard Vlosky.

(5) The court Treats Paradigm's objection to Weber's expert witnesses (filed February 24, 1995) as a motion in limine, and GRANTS the motion IN PART. The motion is granted with respect to the testimony of Frank Kaman, but is denied with respect to the testimony of Aron Levko.

(6) The court GRANTS, on a purely interlocutory basis, Paradigm's motion in limine (filed March 6, 1995) with respect to evidence of file wrapper estoppel.

(7) The court DENIES Weber's motion for leave to file an amended answer (filed March 7, 1995).

(8) The court DENIES Weber's motion in limine against Paradigm's attempt to introduce evidence, at trial, on matters already decided by summary judgment, and for sanctions (filed February 28, 1995).

(9) The court GRANTS IN PART Weber's motion in limine to exclude certain trial testimony of Robert Harmon (filed March 6, 1995). The motion is granted with respect to Mr. Harmon's testimony about the opinion letter during the liability phase of the trial, and is granted as to Mr. Harmon's opinions on the law. The motion is denied with respect to Mr. Harmon's testimony about the opinion letter during the damages phase of the trial.

(10) The court GRANTS Weber's motion in limine to exclude the use of a hypothetical claims analysis (filed March 7, 1995).

So Ordered.